UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STEVE HOBART et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 09-3332** |
| | § | |
| **CITY OF STAFFORD et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Compel Deposition(s) of City Council (Doc. No. 29) filed by Plaintiffs Steve Hobart and Pam Hobart (collectively "Plaintiffs"). Upon considering the Motion, all responses thereto, and the applicable law, the Court concludes that the Motion should be granted.

**I.      BACKGROUND**

Plaintiffs are the parents of Aaron Hobart, a nineteen-year-old man who died on February 18, 2009 after being shot by Officer Jesus Estrada of the Stafford Police Department. The officer had responded to a call from Pam Hobart stating that Aaron Hobart was experiencing a mental health crisis. Plaintiffs bring claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act, and the Texas Tort Claims Act against the City of Stafford, Officer Estrada, and Chief of Police Bonny Krahn.

Plaintiffs seek to depose one or more members of the Stafford City Council ("Council"), and argue that such depositions are relevant to determining the identity the city's "policymaker" for purposes of municipal liability under *Monell v. Dep't of Social*

1

*Services of City of New York*, 436 U.S. 658 (1978). Defendants argue that such depositions are irrelevant and that Council members are immune from being deposed.[1]

## II.      LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Federal statutory and common law governs claims of privilege except in civil cases "with respect to an element of a claim or defense as to which State law supplies the rule of decision," in which case state privilege law governs. Fed. R. Evid. 501. Claims under § 1983 are thus governed by federal privilege law. *See, e.g.*, *ACLU of Mississippi v. Finch*, 638 F.2d 1336, 1342 (5th Cir. 1981). In addition, "[a] party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Co.*, 272 F.3d 705, 710 (5th Cir. 2001).

## III.     ANALYSIS

### A.  Relevance

The parties in this case disagree as to whether deposing members of the Council is relevant to determining whether the Council or Defendant Krahn (the Chief of Police at the time of Aaron Hobart's death) was the city's "policymaker" with regard to police practices and procedures for the purpose of the City of Stafford's liability under 42

---

[1] Defendants also argue that Plaintiffs should be barred from deposing Council members because the depositions were not noticed prior to the discovery deadline of July 23, 2010. The Court agrees that Plaintiffs should have acted sooner in noticing the depositions and filing their motion to compel. However, there does appear to have been some negotiation between Plaintiffs' and Defendants' counsel regarding these depositions several months prior to the discovery deadline.  More importantly, given that this case involves claims for compensation for an untimely death, the Court declines to treat this motion to compel as waived.

U.S.C. § 1983. Plaintiffs contend that the policymaker was Defendant Krahn, while Defendants contend it was the Council.

Under *Monell*, a municipality is liable under § 1983 only for acts "which the municipality has officially sanctioned or ordered," and may only be subjected to liability by the actions of "those municipal officials who have 'final policymaking authority.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (plurality opinion) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 483 (1986)). Whether a particular official has final policymaking authority is to be determined by the court, not the jury. *Tharling v. City of Port Lavaca*, 329 F.3d 422, 427 (5th Cir. 2003). For purposes of this motion, the Court need not decide the identity of the relevant policymaker as a matter of law, but only whether deposing one or more Council members is relevant—that is, "reasonably calculated to lead to the discovery of admissible evidence"—to that question. Fed. R. Civ. P. 26(b)(1).

Relying on, among other sources, *Praprotnik*, Defendants argue that the Court may look only to the city's written charter, ordinances, and regulations in determining the identity of the policymaker. Such a narrow approach ignores the "long recognized" "'custom or usage' with the force of law" doctrine, which precludes local governments' attempts to "insulate themselves from liability for unconstitutional policies." *Praprotnik*, 485 U.S. at 127 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). The Supreme Court discussed the flaws of a nearsighted focus on written laws alone in *Nashville, C. & St. L. Ry. v. Browning*:

> It would be a narrow conception of jurisprudence to confine the notion of "laws" to what is found written on the statute books, and to disregard the gloss which life has written upon it. Settled state practice . . . can establish what is state law. The equal protection clause did not write an empty

3

> formalism into the Constitution. Deeply embedded traditional ways of carrying out state policy . . . are often tougher and truer law than the dead words of the written text.

310 U.S. 362, 369 (1940) (quoted in *Adickes*, 398 U.S. at 168). In the context of *Monell* liability, the Fifth Circuit has explained that, although "[t]he Supreme Court has rejected the principle of a 'de facto' policymaker . . . , absent a contrary regulation or ordinance, a city council's or city manager's continuous refusal to exercise some theoretical authority to review a municipal official's policy decisions will, at some point, establish the municipal official as the final policymaking authority by custom or usage having the force of state law." *Gros v. City of Grand Prairie*, 181 F.3d 613, 616 n.2 (5th Cir. 1999). Indeed, it is "*incumbent* upon the district court to consider state and local positive law as well as evidence of the City's customs and usages in determining which City officials or bodies had final policymaking authority over the policies at issue in this case." *Id. at* 616 (emphasis added); *see also Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989). Accordingly, in determining the relevant policymaker, the Court is not strictly limited to the city's written laws, and must consider evidence of custom or usage to determine whether it rises to the point of establishing another official as the final policymaking authority in a particular realm.

In this case, the testimony of Council members is reasonably calculated to lead to the discovery of admissible evidence. It is relevant, at the very least, to whether there existed a custom or usage having the force of state law that established Chief Krahn as the final policymaking authority for the City of Stafford with regard to police practices and procedures.

## B.  Testimonial Privilege

Defendants also argue that, even if the depositions are relevant, Council members are protected from being deposed by legislative immunity. Under the federal common law, "[l]ocal legislators are entitled to absolute immunity from § 1983 liability for their legislative activities." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998), "an immunity that is similar in origin and rationale to that accorded Congressmen under the Speech or Debate Clause," U.S. Const., art. I, § 6. *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 732 (1980). "However, neither the Supreme Court nor the Fifth Circuit have directly addressed whether a testimonial privilege arises from the doctrine of legislative immunity as it applies to state, regional, or local legislators." *Cunningham v. Chapel Hill, ISD*, 438 F. Supp. 2d 718, 720 (E.D.Tex. 2006).

The issue of whether legislative immunity would apply to bar depositions of Council members—or questioning regarding certain topics during such depositions—in this case is not properly before the Court. "[U]nlike various government officials, municipalities do not enjoy immunity from suit—either absolute or qualified—under § 1983." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993). Accordingly, legislative immunity, and any testimonial privilege that might arise from it, belongs to the "individual legislator," and cannot be invoked by the city or the legislative body. *See, e.g., A Helping Hand, LLC v. Baltimore County, Md.*, 295 F. Supp. 2d 585, 590 (D.Md. 2003) ("The privilege . . . is personal: it belongs to the individual members of a local legislature, not the municipality as a whole."); *Almonte v. City of Long Beach,* 2005 WL 1796118, at *3 n.2 (E.D.N.Y. July 27, 2005) ("it is not up to the Council to assert or waive the privilege; the councilors must do so for themselves"); *Cano v. Davis*, 193 F. Supp. 2d 1177, 1179 (C.D.Cal. 2002) (three-judge

court) ("an individual legislator should be able to waive the privilege over the objection of a majority of his or her peers"); 26A Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5675 ("The speech or debate privilege belongs to the legislator whose legislative act is involved in the evidence . . . ."). Thus, Defendants—including the City of Stafford—have not properly invoked legislative immunity on behalf of any individual Council member.

Plaintiffs may proceed to notice deposition(s) of one or more Council members, at which point the potential deponents may choose to assert a testimonial privilege. If there remains a dispute, the Court can rule on the validity of any such privilege claim at a later date, when the issue is properly before the Court.

## IV.    CONCLUSION

Because the Court concludes that the requested depositions are relevant to the claims and defenses of the case, Plaintiff's Motion to Compel Deposition(s) of City Council (Doc. No. 29) is **GRANTED**. The Court does not today decide the applicability of any privileges that may be possessed by individual Council members.  Individual Council members may invoke any applicable privileges if and when their depositions are noticed. Plaintiffs' Response to Defendants' Motion for Summary Judgment (Doc. No. 32) must be filed within 10 days after the resolution of disputes relating to these depositions.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of August, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE